**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANE DOE (C.M.B.), | |
| **Plaintiff,** | Civil Action No.: 25-06316 (ES) (SDA) |
| **v.** | **OPINION** |
| WYNDHAM HOTELS & RESORTS, INC., *et al.*, | |
| **Defendants.** | |

**SALAS, DISTRICT JUDGE**

Before the Court are two motions to dismiss Plaintiff Jane Doe (C.M.B.)'s ("Plaintiff") Complaint, (D.E. No. 1 ("Compl.")): (i) defendants Super 8 Worldwide, Inc., Wyndham Hotel Group, LLC, and Wyndham Hotels & Resorts, Inc.'s (collectively, the "Wyndham Defendants") motion to dismiss, (D.E. No. 21 ("Wyndham Motion")); and (ii) defendant Independent Lodging Company's motion to dismiss. (D.E. No. 8). Defendant Shri Hari Investments LLC did not move to dismiss and instead filed an answer to the Complaint. (D.E. No. 28). The Court refers to Defendants Independence Lodging Company ("Independent Lodging") and Shri Hari Investments LLC collectively as the "Franchisees".

The Court has carefully considered the parties' submissions in connection with the two motions, as well as the balance of the record, and decides the matters without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons stated herein, Independent Lodging's motion to dismiss, (D.E. No. 8), is **GRANTED IN PART** and **DENIED IN PART**. This Court transfers the instant matter to the United States District Court for the Western District of Missouri.

## I.   BACKGROUND

### A.   Factual Background

Congress enacted the Trafficking Victims Protection Reauthorization Act ("TVPRA") to combat human trafficking and provide both criminal penalties and civil remedies for victims of the same.  18 U.S.C. §§ 1581–97.  Among its provisions, 18 U.S.C. § 1591 ("Section 1591") establishes criminal liability for sex trafficking, while 18 U.S.C. § 1595 ("Section 1595") provides a private right of action for victims.  In particular, Section 1595 provides that an individual who is a victim of a TVPRA violation may bring a civil action against the perpetrator or against any person who knowingly benefits, financially or by receiving anything of value, from participation in a venture that the person knew or should have known engaged in trafficking in violation of the statute.  *See* Section 1595(a).

This case is one of several filed in this District seeking similar redress under the TVPRA for alleged sex trafficking in hotels located in various cities.  Plaintiff alleges that between June 2015 through December 21, 2015, she was sex trafficked at a Travelodge hotel and a Super 8 hotel—both located in Missouri.  (Compl. ¶¶ 30–32 &34).  Plaintiff alleges that, when her abusers trafficked her at these locations, there were obvious signs that she was being trafficked such that the Defendants "knew or through the exercise of reasonable diligence should have known, that they were benefitting from a venture causing her sexual exploitation."  (*Id*. ¶ 38).  Those signs included prepaid room payments, daily extensions of the stay, constant "do not disturb" signs, and repeated short visits by multiple non-guest men.  (*Id*. ¶ 39).  Additionally, Plaintiff had few personal belongings, and her traffickers failed to provide identification to the hotel staff and loitered on-site.  (*Id*.).

According to the Complaint, Shri Hari owned, operated and managed the Travelodge hotel at issue through the Wyndham Defendants' franchising system.  (*Id.* ¶ 42).  Plaintiff further alleges that Independence Lodging owned, operated and managed the relevant Super 8 hotel through the Wyndham Defendants' system.  (*Id.*).  Plaintiff seeks damages for the harms stemming from the alleged TVPRA violations.  (*Id.* ¶¶ 151–53).  She alleges that the relationship between sex trafficking and the hotel industry is "widely known and pervasive," (*id.* ¶ 45–47), and that "Wyndham's public statements confirm that it knew sex trafficking was a problem at its hotels[.]" (*Id.* ¶ 61).  Moreover, Plaintiff claims that each of "the Wyndham Defendants monitored criminal activity occurring at their branded hotels and were aware of activity indicating commercial sex trafficking or related crimes occurring at those branded hotels, including the [specific property where Plaintiff was trafficked.]"  (*Id.* ¶¶ 66 & 70).

### B.    Procedural History

On May 30, 2025, Plaintiff initiated this lawsuit against the Defendants, alleging violations of Sections 1591 and 1595 of the TVPRA.  (*See generally id.*).  In Count I of the Complaint, Plaintiff alleges that the Franchisees are liable as perpetrators under Section 1595(a).  (*Id.* ¶¶ 131– 33).  In Count II, Plaintiff asserts that all Defendants are liable as beneficiaries under Section 1595(a) for the financial benefits derived from their participation in a venture violative of the TVPRA.  (*Id.* ¶¶ 134–38).  Finally, in Count III Plaintiff contends that the Wyndham Defendants are vicariously liable for the acts of their franchisees and those of the franchisees' subagents.  (*Id.* ¶¶ 139–44).

Following Plaintiff's commencement of this action, Defendants filed the present motions to dismiss.  (*See* D.E. Nos. 8 & 21).  Specifically, on June 27, 2025, Independence Lodging moved to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(2) and (3) for lack of

personal jurisdiction and improper venue.  (D.E. No. 8).  Plaintiff opposed the motion, (D.E. No. 11), and Independence Lodging filed a reply, (D.E. No. 17).  On August 1, 2025, the Wyndham Defendants moved to dismiss the Complaint for failure to state a claim under Rule 12(b)(6).  (*See generally* Wyndham Motion).  Plaintiff opposed the motion, (D.E. No. 31), and the Wyndham Defendants filed a reply, (D.E. No. 33).  On August 25, 2025, Defendant Shri Hari submitted an answer to the Complaint without making a motion.  (D.E. No. 28).[1]

The motions are therefore now ripe for adjudication.

## II.    Legal Standard[2]

Under Rule 12(b)(2), the Court may dismiss a complaint for lack of personal jurisdiction. When reviewing a motion to dismiss under Rule 12(b)(2), courts "must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 142 n.1 (3d Cir. 1992).  The plaintiff bears the burden of establishing the court's jurisdiction over the defendant.  *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004).  Although the plaintiff must ultimately prove personal jurisdiction by a preponderance of the evidence, such a showing is unnecessary at the early stages of litigation.  *Mellon Bank (E.) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992).  Rather, the plaintiff need only present "a prima facie case for the exercise of personal jurisdiction by 'establishing with reasonable particularity sufficient contacts between the defendant and the forum state.'"  *Id.* at 1223 (quoting *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987)).  Once the plaintiff meets this burden, the burden shifts to the defendant to establish the presence of other

---

[1]    As Defendant Shri Hari did not move to dismiss the Complaint, the Court does not address any claims against Shri Hari in this Opinion.

[2]    Because this Court does not reach the merits of the Wyndham Defendants' motion, it omits the Rule 12(b)(6) standard from this section.

considerations that would render the exercise of personal jurisdiction unreasonable. *Carteret Sav. Bank*, 954 F.2d at 150.

## III.     Discussion[3]

Independence Lodging contends that the Court should dismiss Plaintiff's claims against it for lack of personal jurisdiction. (*See* D.E. No. 8-1 ("Mov. Br.") at 13). A federal court engages in a two-step inquiry to determine whether it may exercise personal jurisdiction over a defendant. First, the court must determine whether the relevant state long-arm statute permits the exercise of jurisdiction; second, the court must then satisfy itself that the exercise of jurisdiction comports with due process. *See IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 258–59 (3d Cir. 1998). "New Jersey's long-arm statute provides for jurisdiction coextensive with the due process requirements of the United States Constitution." *Miller Yacht Sales*, 384 F.3d at 96 (citing N.J. Ct. R. 4:4–4(c)). Under the Constitution, personal jurisdiction can be established either through general or specific jurisdiction. *See Bristol-Myers Squibb v. Superior Ct. of Cal.*, 582 U.S. 255, 262 (2017). Independence Lodging asserts that the Court has neither general nor specific jurisdiction over it. (Mov. Br. at 13). The Court will address each argument in turn.[4]

---

[3]     The Court notes that, in a related case decided contemporaneously, it addressed materially identical arguments involving overlapping franchisor defendants. See *Doe (A.A.M.) v. Wyndham Hotels & Resorts, Inc.*, No. 24-11502, slip op. (D.N.J. Apr. 27, 2026). The analysis here tracks that decision closely, although the cases involve different franchisee defendants and factual settings.

[4]     If the court does not hold an evidentiary hearing, a plaintiff need only present "a prima facie case for the exercise of personal jurisdiction by 'establishing with reasonable particularity sufficient contacts between the defendant and the forum state.'" *Mellon Bank*, 960 F.2d at 1223 (quoting *Provident Nat'l Bank*, 819 F.2d at 437). The governing standard, then, is similar to that on an ordinary Rule 12(b)(6) motion to dismiss, which is directed to the face of the pleadings plus documents of which the court may properly taken notice. *See Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) ("To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record"). Here, Independence Lodging attached two exhibits and declarations to its motion to dismiss, both in support of its argument that this Court may not properly exercise personal jurisdiction over it. (*See* D.E. Nos. 8-2 & 8-3). Because the Court holds that Plaintiff has not met her burden to present a prima facie case for the exercise of personal jurisdiction, as explained herein, the Court does not reach the question of whether it can—or should—properly consider Independence Lodging's declarations and exhibits at this stage.

### A.        General Jurisdiction

Independence Lodging first argues that Plaintiff fails to establish that it is "at home" in New Jersey for purposes of general personal jurisdiction. (*See* Mov. Br. at 14). A district court may exercise general jurisdiction when a defendant's contacts with the forum state "are so 'continuous and systematic' as to render [it] essentially at home." *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413 (2017) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014)). The Supreme Court has observed that "[w]ith respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] ... bases for general jurisdiction.'" *Daimler*, 571 U.S. at 137 (citation omitted). Likewise, the United States Court of Appeals for the Third Circuit has recognized that "it is 'incredibly difficult to establish general jurisdiction over a corporation in a forum other than the place of incorporation or principal place of business.'" *Malik v. Cabot Oil & Gas Corp.*, 710 F. App'x 561, 564 (3d Cir. 2017) (quoting *Chavez v. Dole Food Co.*, 836 F.3d 205, 223 (3d Cir. 2016) (citation modified).

Here, the Court lacks general jurisdiction over Independence Lodging. Independence Lodging is incorporated in Missouri with its principal place of business in Kansas. (Compl. ¶ 19). It is thus considered "at home" in Missouri and Kansas, not New Jersey. Plaintiff also fails to allege facts suggesting that this is an "exceptional case" where "a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." *Daimler*, 571 U.S. at 139 n.19. Accordingly, this Court lacks general jurisdiction over Independence Lodging. Indeed, Plaintiff concedes this is the case. (*See* D.E. No 11 at 4 n.2).

B.        **Specific Jurisdiction**

Independence Lodging next argues that this Court lacks specific jurisdiction over it.  In response, Plaintiff argues that (i) Independence Lodging purposely directed its activities at New Jersey through its business relationship with the Wyndham Defendants, (D.E. No. 11 at 6); (ii) Independence Lodging reached beyond its home state to establish an ongoing business relationship tied to New Jersey, as the franchise agreements included a New Jersey choice-of-law clause and a forum-selection provision requiring disputes to be resolved in New Jersey, and also contemplated continuing contacts with New Jersey, including the routine submission of operational reports, royalty payments, and other communications to Wyndham in New Jersey, (*id.* at 8); (iii) Independence Lodging's contacts with New Jersey relates to multiple elements of her beneficiary claim, including the alleged financial benefits, participation in the trafficking ventures, and knowledge of trafficking; (iv) the burden shifts to Independence Lodging to show that the exercise of jurisdiction would offend traditional notions of fair play and substantial justice, and Independence Lodging has failed to make the required showing; and (v) New Jersey has a "strong interest in regulating the relevant conduct." (*Id.* at 12–15).  In reply, Independence Lodging emphasizes that the only alleged connection to New Jersey—a franchise relationship with Wyndham—is legally inadequate, particularly where the alleged trafficking occurred entirely at a hotel in Missouri.[5] (D.E. No. 17 at 4).  Independence Lodging further contends that Plaintiff relies almost entirely on conclusory allegations and assertions made "upon information and belief," which are insufficient to establish minimum contacts.  (*Id.* at 5–7).  As to relatedness, Independence Lodging argues that Plaintiff offers only a weak connection between the Franchisee

---

[5]        Plaintiff concedes that a franchise agreement alone is not a sufficient basis to establish specific jurisdiction over Independence Lodging in New Jerey and that it is "the 'contours' of a business relationship that create minimum contracts with the forum." (D.E. No. 11 at 7 (Quoting *Nat'l Women's Pol. Caucus, Inc. v. Metro. Louisville Women's Pol. Caucus, Inc.*, 359 F. Supp. 3d 13, 25 (D.D.C. 2019)).

Defendants, New Jersey, and Plaintiff's sexual trafficking allegations. (*Id.* at 8). Specifically, Independence Lodging argues that Plaintiff identifies no New Jersey-based conduct that caused her injury, and that generalized allegations about franchisor policies, payment systems, or nationwide operations do not establish the required nexus. (*Id.* at 10–11). As such, it contends that these contacts fall short of the "strong relationship" required for specific jurisdiction.

Specific jurisdiction arises from "an 'affiliation between the forum and the underlying controversy,'" and a district court exercising specific jurisdiction "is confined to adjudication of 'issues deriving from, or connected with, the very controversy that establishes jurisdiction.'" *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (citations omitted). To determine whether specific jurisdiction is appropriate, courts must conduct a three-pronged test. First, the defendant must have "purposefully directed his activities at the forum." *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). Second, the plaintiff's claim must "arise out of or relate to at least one of those specific activities." *Id.* The Court notes that the "central concern" of the second prong is "the relationship among the defendant, the forum, and the litigation." *Daimler*, 571 U.S. at 126 (quoting *Shaffer v. Heitner*, 433 U.S. 186, 197 (1977)). Third, if the prior two requirements are met, a court must consider whether the exercise of jurisdiction otherwise comports with "'fair play and substantial justice.'" *Burger King*, 471 U.S. at 476 (citation omitted).

Turning to the first prong, the Court finds that Independence Lodging purposefully availed itself of this forum by entering a franchising relationship with the Wyndham Defendants. *See Burger King*, 471 U.S. at 480–82. In *Burger King*, the Supreme Court held that a nonresident franchisee had sufficient minimum contacts with Florida even though its only physical connection to the state was attending a brief training course. *Id.* The Court reasoned that

the franchisee established a substantial connection with Florida by reaching out to form a long-term franchise relationship with a Florida franchisor and by engaging in ongoing obligations that tied the parties' relationship to the forum. *Id.* at 478–83. Similarly, by entering into an ongoing franchise relationship with a New Jersey-based franchisor that required regular operational coordination, the Franchisee Defendants purposefully availed themselves of the benefits of conducting activities in New Jersey. *See also Doe (S.A.T.) v. Wyndham Hotels & Resorts, Inc.*, No. 24-11511, 2025 WL 2848587 at *3 (D.N.J. Oct. 8, 2025) ("Here, Franchisee LLC purposefully availed itself of this forum by entering a franchising relationship with Franchisor Defendants.").

Turning to the second prong, the Court finds instructive the reasoning in *Doe (S.A.T.)*, a similar case in this District involving materially indistinguishable allegations against a franchisee defendant. There, applying *Bristol-Myers*, the court held that the plaintiff failed to satisfy the relatedness requirement where the conduct underlying the claim—namely, the alleged trafficking activity—occurred outside the forum notwithstanding the franchisee's ongoing business relationship with a forum-based franchisor and its use of forum-based systems. 2025 WL 2848587, at * 4 (citing *Bristol-Myers*, 582 U.S. at 259); *see id.* ("Although Franchisee LLC may have used Wyndham Defendants' systems in carrying out certain actions, the conduct at the core of the alleged ventures, namely, the rental of rooms to sex traffickers, occurred in Texas." (citation modified)). Thus, the Court held that "the connection between the conduct underlying Plaintiff's claim and this forum [was] too attenuated to find specific personal jurisdiction." *Id.*; *see also Doe (M.J.J.) v. Wyndham Hotels & Resorts, Inc.*, No. 24-6490, 2026 WL 308896 (D.N.J. Feb. 5, 2026) (applying the *Doe (S.A.T.)* reasoning to hold that the court lacked personal jurisdiction over the franchisee defendants). The court further emphasized that such contacts standing alone were

insufficient to establish specific jurisdiction. *Id.* ("Plaintiff's reliance on Franchisee LLC's routine interactions with Wyndham by virtue of their ongoing business relationship also does not constitute a strong connection to Plaintiff's venture claim. Jurisdiction must be established on the basis of *each* defendant's own contact with a given forum." (citing *Walden v. Fiore*, 571 U.S. 277, 286 (2014))).

The Court finds that reasoning persuasive and applicable here. As in *Doe (S.A.T)* and *Doe (M.J.J.)*, the alleged conduct at the core of Plaintiff's claims occurred outside New Jersey, and Independence Lodging's routine interactions with a New Jersey-based franchisor do not establish the requisite connection to the forum. Accordingly, Plaintiff has failed to satisfy the second prong of the specific jurisdiction analysis. As the Court therefore finds that Independence Lodging is not subject to personal jurisdiction in this District with respect to Plaintiff's claims, the Court need not address the third prong of the specific jurisdiction inquiry.

## C.        Transfer is Appropriate

As the Court has found that it lacks jurisdiction over Independence Lodging, it must now determine the best approach for moving this matter forward. The Third Circuit has made clear that "a district court that lacks personal jurisdiction must at least consider a transfer." *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 132 (3d Cir. 2020). Indeed, pursuant to 28 U.S.C. § 1631 ("Section 1631"), when a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." Moreover, 28 U.S.C. § 1404(a) ("Section 1404(a)") "permits a court to *sua sponte* transfer a civil action from one proper venue to another proper venue." *Doe (S.A.T.)*, 2025 WL 2848587 at *5 (first citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995); then citing *Sondhi v. McPherson Oil Co.*, No. 20-13986,

10

2021 WL 5356182, at *4 (D.N.J. Nov. 17, 2021)). "Conversely, Section 1406 [28 U.S.C. § 1406]

applies when the original venue is improper." *Id.* (citing *Jumara*, 55 F.3d at 878).

The Court holds that venue is proper in the District of New Jersey pursuant to 28 U.S.C. §

1391 ("Section 1391") and will therefore analyze the propriety of a transfer pursuant to Section

1404(a).[6] That statue provides: "For the convenience of parties and witnesses, in the interest of

justice, a district court may transfer any civil action to any other district or division where it might

have been brought or to any district or division to which all parties have consented."  The purpose

of Section 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants,

witnesses and the public against unnecessary inconvenience and expense." *Kremer v. Lysich*, No.

18-03676, 2019 WL 3423434, at *3 (D.N.J. July 30, 2019) (internal quotation marks omitted).

Accordingly, when considering transfer pursuant to Section 1404(a), a court must determine: (i)

whether the proposed forum is one in which plaintiff could have originally brought suit (or one to

which the parties have consented), and (ii) whether transfer would be in the interest of justice and

for the convenience of parties and witnesses. *Id.*  As to the former, the Court finds that Plaintiff

could have originally filed this action in the Western District of Missouri, as a "substantial part of

the events . . . giving rise" to Plaintiff's claim occurred there.  28 U.S.C. § 1391(b).  Specifically,

---

[6]    In so holding, the Court adopts the reasoning of several of its colleagues in this District on related TVPRA claims brought against Wyndham and its franchisees. *See, e.g.*, *Doe (S.A.T.)*, 2025 WL 2848587, at *5 (holding (i) that the Court lacked personal jurisdiction over the franchisee defendants; (ii) that venue was proper in the District of New Jersey, such that Section 1404(a) applied; and transferring the entire matter to the Northern District of Texas); *Doe v. Wyndham Hotels & Resorts, Inc.*, No. 25-1550, 2025 WL 3754148 (D.N.J. Dec. 24, 2025) (finding venue in the District of New Jersey appropriate because "[t]he relationship between [Franchisee Defendant], enforcing Wyndham's polices, and Wyndham, setting the policies, cannot be separated from the harm alleged. Their franchising agreement directed how [Franchisee Defendant] would be paid, what Wyndham's cut would be, how payments would be processed back in New Jersey, and additionally outlined when and how [Franchisee Defendant] must report suspected sex trafficking to Wyndham. And Wyndham's corporate decision-making—which includes decisions related to its policies, reporting requirements, and its supervision and training of [Franchisee Defendant]—and its profit-sharing from its corporate headquarters in New Jersey mean that a 'substantial part of the events or omissions giving rise to' [Plaintiff's] claims occurred here." (citation modified)).  The Court accordingly holds that the District of New Jersey is a proper venue pursuant to Section 1391(b), as it is "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."

11

both of the hotels at issue in this case are located in that District. (Compl. ¶¶ 31 & 32). The Court must next determine whether transfer to that District would be "in the interest of justice" and serve the "convenience of parties and witnesses." 28 U.S.C. § 1404(a). In performing this analysis, courts in the Third Circuit consider all "relevant public and private interests." *Santi v. Nat'l Bus. Recs. Mgmt., LLC*, 722 F. Supp. 2d 602, 606 (D.N.J. 2010) (citing *Jumara*, 55 F.3d at 879). Those private interests typically include: (i) the plaintiff's forum preference; (ii) the defendant's preference; (iii) whether the claim arose elsewhere; (iv) the convenience of the parties; (v) the convenience of the witnesses; and (vi) the location of books and records. *Jumara*, 55 F.3d at 879 (citations omitted). The relevant public interests include (i) the enforceability of the judgment; (ii) practical considerations that could make the trial easy, expeditious, or inexpensive; (iii) the relative administrative difficulty in the two fora from court congestion; (iv) the local interest in deciding controversies at home; (v) the public policies of the fora; and (vi) the familiarity of the trial judge with the applicable state law in diversity cases. *Id.* at 879–80 (citations omitted). Courts have broad discretion when resolving a Section 1404(a) motion to transfer, and must consider "convenience and fairness . . . on a case-by-case basis." *Santi*, 722. F. Supp. 2d at 606; *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

The Court finds that, on balance, the relevant public and private interests favor transferring this matter. The record reflects that Plaintiff lives in Missouri and Independence Lodging is a Missouri company with its principal place of business in Kansas. (Compl. ¶¶ 10 & 19). Critically, as the hotels at issue in this case are located within the Western District of Missouri, most of the activities underlying Plaintiff's claims occurred therein. (*See* Compl. ¶¶ 31 & 32). In turn, it is likely that witnesses and evidence related to the alleged trafficking at issue are also located there.

12

Further, this Court is confident that Missouri "has an interest in deciding this matter." *Doe (S.A.T.)*, 2025 WL 2848587, at *5. As my colleagues in this District have held:

> Taking into account judicial economy and the TVPRA's purposes of combatting trafficking, ensuring "just and effective punishment of traffickers," and victim protection, this Court deems the transfer of this case to the United States District Court for the Northern District of Texas proper. H.R. Conf. Rep. No. 106-939, at 3 (2000); *see Doe v. Choice Hotels Int'l, Inc.*, No. 24-1598, 2025 WL 2108792, at *12 (D. Md. July 28, 2025) ("[T]he [c]ourt finds that its lack of personal jurisdiction over [franchisee] GP4, a key party in this litigation, strongly counsels in favor of transferring this case to the Middle District of Florida, a proper venue where, as acknowledged at the hearing by Defendants, personal jurisdiction would exist over both GP4 and [franchisor] Choice."); *Doe v. Choice Hotels Int'l, Inc.*, No. 24-2836, 2025 WL 2430024, at *6–7 (D. Md. Aug. 22, 2025) (affording minimal weight to the plaintiff's choice of venue where the alleged trafficking occurred in Wisconsin, the same state as Plaintiff's domicile, and transferring the case to Wisconsin).

*Id*. Judicial economy concerns also favor transfer, as the alternative would involve splitting Plaintiff's claims between two fora. The Court finds that most of the remaining public interest factors (e.g., enforceability of a judgment, judicial familiarity with state law, etc.) are neutral to the analysis. Accordingly, this Court concludes that transfer to the United States District Court for the Western District of Missouri is warranted.

## IV.   Conclusion

For the foregoing reasons, Independence Lodging's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. The Court concludes that it lacks personal jurisdiction over Independence Lodging. Rather than dismissing Plaintiff's claims against that entity, however, the Court finds that a transfer to the United States District Court for the Western District of Missouri is appropriate. The Court will therefore transfer this matter, *sua sponte*, to that District pursuant to 28 U.S.C. § 1404(a). In light of this transfer, the Court does not address the merits of the

Wyndham Defendants' motion to dismiss under Rule 12(b)(6).  The Wyndham Defendants may

re-file that application, post-transfer, at the direction of the transferee court.

     An appropriate Order follows this Opinion.

**Date**: April 27, 2026

*s/ Esther Salas*      

**Esther Salas, U.S.D.J.**
